# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            )
                             )
                             )
v.                           )          I.D. # 1204007680
                             )
                             )
TARIQ MARINEY,               )
                             )
            Defendant.       )

Submitted: August 23, 2016
Decided: November 16, 2016

## ORDER DENYING TARIQ MARINEY'S MOTION
## FOR MODIFICATION OF SENTENCE

This 16th day of November, 2016, upon consideration of the Motion for Modification of Sentence (the "Motion") filed by Tariq Mariney, the record in this matter, and the applicable legal authority, including Rule 35 of the Superior Court Rules of Criminal Procedure ("Rule 35"), it appears to the Court that:

1. On June 22, 2016, Mariney was found in violation of probation for the fourth time and was sentenced to four years, seven months at Level V, suspended immediately for six months at Level IV, with no probation to follow. The sentencing order specified that Mariney was to serve the Level IV portion of his sentence at the VOP Center.[1] The sentence was effective June 7, 2016, giving

---

[1] *See State v. Mariney*, ID No. 1204007680 (Del. Super. June 22, 2016) (SENTENCING ORDER).

Mariney credit for the days he had served while being held on the violation of probation.

2.     Mariney filed a letter dated August 17, 2016, suggesting that he did not receive sufficient credit for the time he served before he was sentenced for violating probation. Confusingly, Mariney states: "You told me I would receive time served for the days I have already completed. But I've noticed I only received 12 days (because the courts give out 2 days for every month)." Mariney appears to be conflating good time credit and credit for time served. By dating his sentence from June 7, 2016, the Court gave Mariney credit for each day he served before his violation of probation hearing. The issue of good time credit is a separate statutory mechanism within the control of the Department of Correction. There is no indication in the record regarding Mariney's entitlement to statutory or meritorious good time credit.

3.     Mariney's letter also seeks to modify where he serves the Level IV portion of his sentence. Mariney seeks classification to "work release" because he feels obtaining a job would be beneficial to him. Mariney's motion to modify his sentence is timely under Rule 35, but does not provide a compelling basis for modification. Notably, Mariney failed to look for a job while serving the Level III probation he violated, despite efforts by his probation officer to encourage him to

do so. Given the short period of time remaining on Mariney's sentence, modifying the Level IV portion of his sentence would not be productive in my view.

**NOW, THEREFORE, IT IS ORDERED** that Mariney's Motion for Modification of Sentence is **DENIED**.

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Joseph S. Grubb, Deputy Attorney General
       Tariq Mariney, *pro se* (SBI No. 00627332)